IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ELVIS MOTA, #53342-054                                                                    PETITIONER

versus                                                            CIVIL ACTION NO. 5:13-cv-73-DCB-MTP

VANCE LAUGHLIN, ERIC H. HOLDER, JR., and
CHARLES E. SAMUELS, JR.                                                                   RESPONDENTS

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Mota, a federal inmate currently incarcerated at the Adams County Correctional Center (ACCC), Natchez, Mississippi, filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on May 15, 2013. Upon review of the Petition and Amended Petition, along with the applicable case law, the Court has reached the following conclusions.

**I. Background[1]**

Mota was convicted of conspiracy to distribute and possession of a controlled substance with intent to distribute in the United States District Court for the Southern District of New York. *U.S. v. Mota*, No. 1:05-cr-1301 (S.D. N.Y. Jan. 30, 2007). As a result, he was sentenced to serve 130 months in the custody of the Bureau of Prisons, followed by a 4 -year term of supervised release. The United States Court of Appeals for the Second Circuit affirmed the conviction and sentence. *See U.S. v. Mota*, No. 07-0221 (2nd Cir. June 24, 2008).

In 2009, Mota filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the sentencing court construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255. The Motion was dismissed by the Southern District of New York as time- barred. *See Mota v. USA*, No. 1:09-cv-5189 (S.D.N.Y. Oct. 30, 2009). Mota filed another *pro se* application for a writ of habeas corpus pursuant to

---

[1] The procedural history found in this section is taken from the Memorandum Opinion and Sanction Order [ECF No. 2] filed in *Mota v. Laughlin*, No. 5:13-cv-27 (S.D. Miss. 2013), which also provides a detailed history of Mota's numerous post-conviction filings.

28 U.S.C. § 2241, which the sentencing court deemed an unauthorized second or successive § 2255 Motion and transferred to the Second Circuit. *See Mota v Laughlin*, No. 1:10-cv-6698 (S.D. N.Y. Sept. 9, 2010). Mota was denied permission to proceed with the second or successive petition by the Second Circuit. *See Mota v. Laughlin*, No. 10-4317 (2nd Cir. Jan. 25, 2011).

In the Petition before the Court, Mota claims that he was provided ineffective assistance of counsel, that invalid jury instructions were used at his trial, and that his pre-sentence report contained inaccuracies. Mota relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to argue that he is serving a sentence for a nonexistent offense because certain elements of his offense were not properly determined by a jury.[2] As relief, he is requesting that his sentence be vacated.

**II. Analysis**

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. *Id.* (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990))("[T]he primary means of collateral attack on a federal sentence" is a § 2255 motion.). If a prisoner is challenging errors that "occurred during or before sentencing" his claims should be pursued in a § 2255 motion. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)(citations omitted). Furthermore, a habeas petition under § 2241 is not a substitute for a motion under § 2255. *Pack*, 218 F.3d at 452 (citations omitted).

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S.*

---

[2] In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

*Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Pack*, 218 F.3d at 452.).  In order for a petitioner to meet the stringent "inadequate or ineffective" requirement, he "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion."  *Id.* (citing *Reyes-Requena v. U.S.*, 243 F.3d 893, 904 (5th Cir. 2001)).   Petitioner Mota bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001).

  Mota's claims of ineffective assistance of counsel, flawed jury instructions and mistakes in his pre-sentence report are alleged errors that clearly occurred during or before sentencing and challenge the validity of his sentence.  Therefore, Mota is not entitled to pursue these claims in a § 2241 petition unless he can demonstrate that he is entitled to relief under the savings clause.

  Mota contends that he meets the requirements to proceed under the savings clause based on his actual innocence and relies on *Apprendi v. New Jersey*, as support for this assertion.  First, the Court notes that *Apprendi* was decided seven years prior to Mota's conviction and clearly was available to him during his trial, at his sentencing, on appeal, and when he filed his first § 2255 motion.  Secondly, the Fifth Circuit has held that an *Apprendi* claim does not satisfy the test for filing a § 2241 petition under the savings clause of § 2255.  *Wesson,* 305 F.3d at 347-48 ("*Apprendi* implicates only the validity of the sentence.  Wesson's *Apprendi* argument thus does not amount to a claim that he was convicted of a nonexistent offense as required by the *Reyes-Requena* savings clause test.").  As such, the Court concludes that Mota does not meet the requirements to proceed with his claims under the savings clause.

### III. Conclusion

  As explained above, Petitioner Mota's claims are not properly pursued under § 2241 and he has not met the requirements to proceed under the "savings clause."  Therefore, this Petition for habeas relief will be dismissed as frivolous and to the extent that the Petition can be construed as a § 2255 motion it

will be dismissed for this Court's lack of jurisdiction.  *See Pack,* 218 F.3d at 454;  *see also Ojo*, 106 F.3d at 683 (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous").

Although this is Mota's fifth habeas petition filed pursuant to § 2241 in this Court, and previous petitions have been deemed to be an abuse of the writ for which Mota incurred a monetary sanction (that he recently satisfied), the Court does not deem this current petition to be an abuse of the writ.  The current petition is Mota's first genuine attempt to satisfy the factors required to proceed under the savings clause and for that reason the Court declines to find an abuse of the writ.  With that said, Mota is cautioned that if future habeas petitions are repetitive or raise issues already decided by the Court, these petitions will be found to be an abuse of the writ and expose Mota to additional monetary sanctions.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the  27th    day of June, 2013.

  s/David Bramlette
  UNITED STATES DISTRICT JUDGE